IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:04CV146-C

| | |
|---|---|
| GRAEME P. WATSON,<br>     Plaintiff,<br><br>  vs.<br><br>MBNA AMERICA BANK, N.A.,<br>     Defendant. | )<br>)<br>)<br>)   **MEMORANDUM AND RECOMMENDATION**<br>)                  **AND ORDER**<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Defendant's "Motion To Dismiss ..." (document #12) and "Memorandum in Support ..." (document #13), both filed November 4, 2004; and the Plaintiff's "Opposition ..." (document #14) filed December 9, 2004.

On December 20, 2004, the Defendant filed a "Motion to Strike" the Plaintiff's Opposition brief as untimely filed. See document #15.

The parties have not filed any further response or reply briefs, and the time for filing additional briefs has long expired.

On July 14, 2005, these motions were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and are ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will <u>deny</u> the Defendant's Motion to Strike and, further, will respectfully recommend that the Defendant's Motion to Dismiss be <u>granted</u>, as discussed below.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This is an action to vacate an arbitration award pursuant to the Federal Arbitration Act

1

("FAA"), 9 U.S.C. § 10.

It is undisputed that on or before March 11, 2004, the pro se Plaintiff Graeme P. Watson and the Defendant MBNA America Bank, N.A. entered into an agreement whereby Defendant agreed to provide credit to Plaintiff and that contained an arbitration clause requiring binding arbitration of disputes between the parties related to the agreement. After the Plaintiff failed to make payments on the account, the Defendant Bank filed a claim for arbitration with the National Arbitration Forum as required by their agreement. The Plaintiff received notice of the arbitration proceeding, and he subsequently filed with the arbitrator a "Notice of Objection to Arbitration," contending that the Defendant's attempt to collect the balance of the account was not subject to arbitration.

On June 8, 2004, and following a hearing, the arbitrator, Kenneth J. Gumbiner, Esquire, awarded the Defendant $24,307.18. See "Award," Exhibit A to document #3.

Sometime thereafter, the Defendant filed an action in the District Court of Iredell County, North Carolina, seeking to enforce the arbitration award in its principal amount plus interest, and the state court lawsuit is presently pending.

On September 13, 2004, the Plaintiff, proceeding pro se, filed a two-page "Notice of Motion and Motion to Vacate Arbitration Award," which the Court is treating as a Complaint, contending that "the arbitration was entered in and for Defendant without any authority and beyond the scope of the power of the arbitrator." Document 1 at 1.

On November 4, 2004, the Defendant filed its Motion to Dismiss, arguing that the FAA does not create an independent basis for federal question jurisdiction and, moreover, that the amount in controversy, that is, the $24,307.18 arbitration award, does not meet the $75,000 amount in controversy required to establish federal diversity jurisdiction.

On December 9, 2004, the Plaintiff filed his Opposition brief.

On December 20, 2004, the Defendant filed its "Motion to Strike" the Plaintiff's brief as untimely filed. The Court has considered the Plaintiff's brief, however, and the Defendant's Motion to Strike is <u>denied</u>.

The Defendant's Motion to Dismiss has been briefed as set forth above, and is, therefore, ripe for disposition.

## II. <u>DISCUSSION OF CLAIMS</u>

The existence of subject matter jurisdiction is a threshold issue, and any case lacking a proper basis for subject matter jurisdiction must be dismissed. <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 96 (1998). <u>Accord</u> <u>Jones v. American Postal Workers Union</u>, 192 F.3d 417, 422 (4th Cir. 1999); <u>and</u> <u>Evans v. B.F. Perkins Co.</u>, 166 F.3d 642, 647 (4th Cir. 1999). It is well established that "[t]he subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." <u>Chris v. Tenet</u>, 221 F.3d 648, 655 (4th Cir. 2000), <u>citing</u> <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). <u>Accord</u> <u>Darcangelo v. Verizon Communications, Inc.</u>, 292 F.3d 181, 186 (4th Cir. 2002) ("In general, an action filed in state court may be removed to federal court only if it might have been brought in federal court originally"). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." <u>Wisconsin Dept. of Corrections v. Schacht</u>, 524 U.S. 381, 389 (1998) (internal citations omitted). <u>Accord</u> <u>Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 702 (1982).

Moreover, the party seeking federal jurisdiction has the burden generally of proving that

subject matter jurisdiction exists. See Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); and Norfolk Southern Ry. Co. v. Energy Development Corp., 312 F.Supp.2d 833, 835 (S.D.W.Va. 2004).

Where the Plaintiff seeks to vacate an arbitration award in the principal amount of $24,307.18, there is no basis for exercising federal diversity jurisdiction, because it is clear that the amount in controversy is less than $75,000. See 28 U.S.C. § 1332 (2004); Schacht, 524 U.S. at 388 (case falls within federal court's diversity jurisdiction only if diversity of citizenship among the parties is complete and amount in controversy exceeds $75,000); and Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990) (same). Accordingly, the basis for federal subject matter jurisdiction, if any, must arise under what is commonly called "federal question" jurisdiction.

As the Fourth Circuit has stated:

Title 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction of every civil action that "arises under the Constitution, laws, or treaties of the United States." This means that Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes <u>either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law</u>.

Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002) (emphasis added).

Although § 10 of the FAA provides for setting aside arbitration awards in certain limited circumstances,[1] the statute "is something of an anomaly in the field of federal court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement

---

[1] Relevant to the Plaintiff's allegations, § 10(4) of the FAA provides for vacating an arbitration award "where the arbitrators exceeded their powers...."

4

to arbitrate, yet it does not create any independent federal question jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983). Accord Discover Bank v. Vaden, 396 F.3d 366, 372 (4th Cir. 2005) ("[w]e agree that in passing the FAA Congress did not intend to create federal jurisdiction"); Luong v. Circuit City Stores, 368 F.3d 1109, 1111 (9th Cir. 2004); Kasap v. Folger Nolan Fleming & Douglas, Inc., 166 F.3d 1243 (D.C. Cir. 1999); Minor v. Prudential Sec., Inc., 94 F.3d 1103, 1105-07 (7th Cir. 1996); Ford v. Hamilton Investments, Inc., 29 F.3d 255, 257 (6th Cir. 1994)("It is well established, however, that §10 of the Arbitration Act does not constitute a grant of subject matter jurisdiction"); Prudential-Bach Sec., Inc. v. Fitch, 966 F.2d 981, 987 (5th Cir. 1992) ("Moses Cone establishes definitely that the FAA does not provide an independent basis for federal jurisdiction"); and Robert Lawrence Company v. Devonshire Fabrics, Inc., 271 F.2d 402 (2nd Cir. 1959).

Rather, the party asserting jurisdiction "must demonstrate that if there were no agreement to arbitrate, a federal court would have jurisdiction of the subject matter of a suit arising out of the controversy between the parties." Gibraltar, P.R., Inc. v. Otoki Group, Inc., 104 F.3d 616, 618 (4th Cir. 1997) (internal quotation omitted), citing Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir. 1991). Accord Discover Bank, 396 F.3d at 370, 372 (proper analysis is to theoretically "set aside the arbitration agreement and then consider the grounds for federal jurisdiction independently"). In other words, "a federal court may [exercise subject matter jurisdiction over a petition brought under the FAA] ... if, but for the arbitration agreement, subject matter jurisdiction over the case would otherwise exist by virtue of a properly invoked federal question in the underlying dispute." Id. at 373.

Applying these legal principles to the facts alleged in this case, specifically to the underlying

5

allegations related to the agreement between the parties and the Defendant's attempt to collect the unpaid balance on the credit account, the Plaintiff has not alleged, and the record does not reflect, any independent basis for exercising federal question jurisdiction. Indeed, this appears to be a fairly straightforward breach of contract action that involves no constitutional or other federal issues.

In short, even assuming <u>arguendo</u> that the Defendant's allegation that the arbitrator exceeded his authority or otherwise acted improperly constitutes a valid defense in the state court proceeding brought by the Defendant, the same claim is insufficient to create an independent basis for federal question jurisdiction, and there is no other basis for federal subject matter jurisdiction of a beach of contract dispute in which considerably less than $75,000 is in controversy. <u>Accord</u> <u>Schacht</u>, 524 U.S. at 388; <u>Moses H. Cone Mem'l Hosp.</u>, 460 U.S. at 25; <u>and</u> <u>Discover Bank</u>, 396 F.3d at 370, 372. Accordingly, the undersigned will respectfully recommend that the Defendant's Motion to Dismiss be <u>granted</u>.

### III. <u>ORDER</u>

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Defendant's "Motion to Strike" (document #15) is **DENIED**; and

2. All further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

### IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendant's "Motion To Dismiss ..." (document #12) be **GRANTED** and the Complaint be **DISMISSED WITHOUT PREJUDICE** to the Plaintiff's right to re-assert the same, or any other,

issues in the related state court proceeding.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court, Snyder, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to counsel for the Defendant; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

**Signed: August 1, 2005**

*Carl Horn, III*
_____

Carl Horn, III
United States Magistrate Judge